IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADEL S. KEBAISH, )
    Plaintiff, )
)
v. ) No. 1:10cv829
)
INOVA HEALTH CARE SERVICES, et al., )
    Defendants. )

## MEMORANDUM OPINION

This case presents the question whether a civil action alleging only state claims and removed to federal court pursuant to the Westfall Act[1] may be remanded to state court after the Attorney General's certification of certain named defendants, resulting in the substitution and subsequent dismissal of the United States, and leaving no federal defendants or claims. This question, recently the subject of a circuit split, has now been resolved by the Supreme Court with the result that remand is foreclosed in this case. Accordingly, plaintiff's motion to remand must be denied. As the factual and legal contentions are adequately set forth in the existing record, oral argument is dispensed with, as it would not aid the decisional process.

I.

Plaintiff, an orthopedic surgeon, is a resident and citizen of Virginia, and until his recent termination was employed by defendant Inova Health Care Services. Following his termination, plaintiff filed a complaint in the Fairfax County Circuit Court alleging a variety of state law claims against fourteen defendants, all but two of whom are citizens of Virginia. The nine state law claims are, as follows: (I) defamation and defamation *per se*; (II) breach of contract; (III)

---

[1] Federal Employees Liability Reform and Tort Compensation Act of 1988 (Westfall Act), Pub. L. No. 100-694, 102 Stat. 4563 (codified at 28 U.S.C. § 2679).

tortious interference with existing contract and/or business relationships and business expectancy; (IV) common law conspiracy; (V) statutory conspiracy to injure, in violation of Virginia Code § 18.2-499 and -500; (VI) common law wrongful termination of employment, in violation of public policy embodied in the Virginia Consumer Protection Act; (VII) common law wrongful termination of employment, in violation of public policy embodied in the Virginia Antitrust Act; (VIII) common law wrongful termination of employment, in violation of public policy embodied in the Virginia Fraud Against Taxpayers Act; and (IX) unjust enrichment.[2] All of these claims arise under Virginia law.

On July 27, 2010, defendants Scott B. Shawen and John Paik, by counsel for the United States, removed this matter to federal court on the ground that these defendants had been certified by the U.S. Attorney for the Eastern District of Virginia[3] as acting within the scope of their employment at the time of the events alleged in plaintiff's complaint. *See* 28 U.S.C. § 2679(d)(2) (requiring removal upon certification and stating that "certification . . . shall conclusively establish scope of office or employment for purposes of removal"). Consistent with this certification, the United States filed a notice of substitution under the Westfall Act, substituting the United States as a defendant in place of defendants Shawen and Paik. *See id.* § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant."). Plaintiff did not contest

---

[2] In his brief in support, plaintiff lists an additional Count for negligent retention. Yet, this Count does not appear anywhere in the complaint.

[3] Under 28 C.F.R. § 15.4, the Attorney General's certification may be issued by the U.S. Attorney for the district in which the civil action or proceeding is brought.

the certification and substitution, and instead filed a stipulation of dismissal as to the United States pursuant to Rule 41(a)(1)(A), Fed. R. Civ. P. Accordingly, by Order dated July 30, 2010, (i) the United States was substituted as a defendant in place of Shawen and Paik, (ii) Shawen and Paik were dismissed as defendants, and (iii) the United States was dismissed as a defendant pursuant to plaintiff's stipulation. *See Kebaish v. Inova Health Care Servs.*, No. 1:10cv829 (E.D. Va. July 30, 2010) (Order). Shortly thereafter, plaintiff filed a motion to remand the matter to state court, as no federal defendants or claims remain in this case.

## II.

Plaintiff seeks a remand pursuant to 28 U.S.C. § 1447(c), which states that if, following removal to federal court, "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. Yet, it is well-settled that remand under § 1447(c) is appropriate only where, as is not the case here, the movant identifies a defect in the removal procedure or a lack of subject matter jurisdiction in the federal court. *See Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994) (discussing remand principles where case is removed under § 1442(a)(1)). Significantly, courts have recognized that "'the jurisdiction of the federal courts over a properly removed action will not be defeated by later developments in the suit.'" *Id.* at 239 (quoting 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3739, at 582 (1985)).

Although these principles appear dispositive of the remand question, courts of appeal, until recently, were split as to whether cases removed under § 2679(d)(2) following the Attorney General's certification that a named defendant was acting within the scope of his employment at the time of the events alleged in the complaint could be remanded. Specifically, the question

presented in those cases was whether the language of § 2679(d)(2), "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal," precluded a remand to the state court even though the district court concluded that the Attorney General's certification was not upheld. The First and D.C. Circuits held that remand was appropriate for two reasons: (i) by "imply[ing] power . . . (should scope [of employment] not be found) from the analogous authorization in section 2679(d)(3)" that expressly requires remand where the Attorney General declines to certify the defendant and the defendant unsuccessfully petitions a district court for certification; and (ii) because "remand is both more logical and efficient than a dismissal of the federal action."[4] By comparison, the Third, Fourth, Fifth, and Sixth Circuits reached a contrary conclusion, holding that

> [r]emand is precluded by the Attorney General's removal under 28 U.S.C. § 2679(d). . . . The district court's jurisdiction on removal authorizes it to try the case even though the federal interest has been eliminated, and at that stage in the proceedings, it should exercise its jurisdiction and try the case.[5]

---

[4] *Nasuti v. Scannell*, 906 F.2d 802, 814 n.17 (1st Cir. 1990); *see also Haddon v. United States*, 68 F.3d 1420, 1426-27 (D.C. Cir. 1995) ("We thus agree with the First Circuit, which reads Sections (d)(2) and (d)(3) in harmony, not in conflict with each other, inferring the power to remand when there is certification under Section (d)(2) from the explicit power to do so under Section (d)(3).").

[5] *Borneman v. United States*, 213 F.3d 819, 829 (4th Cir. 2000); *see also Aliota v. Graham*, 984 F.2d 1350, 1356 (3d Cir. 1993) ("[W]e conclude that when a tort suit against a federal employee is filed in state court and the Attorney General certifies that the employee was acting within the scope of the employee's office or employment and removes the case, the district court has no authority to remand the case on the ground that the Attorney General's certification was erroneous."); *Ross v. Bryan*, 309 F.3d 830, 836 (4th Cir. 2002) (instructing district court to "consider the merits of the case and proceed to final judgment" even if, after reevaluating scope of employment issue, certification is deemed improper); *Garcia v. United States*, 88 F.3d 318, 325 (5th Cir. 1996) ("[F]or subpart (d)(2), upon rejection of the Attorney General's certification, the district court retains jurisdiction and may not remand the action to state court."); *Osborn v. Haley*, 422 F.3d 359, 365 (6th Cir. 2005) (agreeing with Third, Fourth, and Fifth Circuits).

In doing so, these courts of appeal reasoned that the use of the word "conclusively" in § 2679(d)(2) forecloses any judicial inquiry into whether there is subject matter jurisdiction over the removed case.

In *Osborn v. Haley*, 549 U.S. 225 (2007), the Supreme Court recently resolved this circuit split, agreeing with the Third, Fourth, Fifth, and Sixth Circuits, and holding that a case removed under the Westfall Act following the Attorney General's certification may not be remanded even if the certification as to scope of employment fails, and *a fortiori* if the certification succeeds. There, the Supreme Court, reviewing a Sixth Circuit decision, directly addressed the question whether the Westfall Act's "command"—namely that "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal"[6]—must be read "to proscribe shuttling cases back to state courts and, instead, to require district court adjudication of the controversy even when a Westfall Act certification is rejected and, correspondingly, substitution of the United States as defendant is denied." *Id.* at 237. In answering this question in the affirmative, the Supreme Court first noted that the Westfall Act treats removal differently in two circumstances. On the one hand, where, as here, the Attorney General removes the case to federal court under § 2679(d)(2), the statute is silent as to remand. Yet, on the other hand, § 2679(d)(3) requires a remand where, unlike here, (i) the Attorney General refuses to certify the defendant but, in its discretion, elects to remove the case to federal court, and thereafter (ii) the defendant unsuccessfully petitions the district court for certification. The presence of an express remand requirement in § 2679(d)(3), and the absence of an analogous provision in § 2679(d)(2), led the Supreme Court "to conclude that Congress gave district courts

---

[6] 28 U.S.C. § 2679(d)(2).

no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.* at 241. As the Supreme Court explained, "when the Attorney General certifies scope of employment, his certificate 'conclusively establish[es] scope of office or employment *for purposes of removal*," thereby "render[ing] the federal court exclusively competent and categorically preclud[ing] a remand to the state court." *Id.* at 242-43 (first alteration and emphasis in original) (quoting § 2679(d)(2)). In other words, while the certification may fail as to scope of employment, it never fails as to federal subject matter jurisdiction.

Significantly, the Supreme Court noted that removal under the Westfall Act following the Attorney General's certification differs materially from the typical case in which remand is sought for want of subject matter jurisdiction. This is so, the Supreme Court explained, because the analysis in routine remand cases focuses sharply on "whether complete diversity exists or whether the complaint raises a federal question." *Id.* at 243. In contrast, cases in which removal is sought by the Attorney General following certification do not involve a threshold inquiry into whether there is a proper basis for federal jurisdiction; rather, "the Attorney General's certification forecloses any jurisdictional inquiry" because the certification conclusively provides the basis for federal jurisdiction under § 2679(d)(2). *See id.* Accordingly, a district court may not order a remand because there is no defect in subject matter jurisdiction.

In this case, plaintiff's motion for remand must be denied under the Supreme Court's controlling decision in *Osborn* and earlier, consistent Fourth Circuit decisions. *See Ross v. Bryan*, 309 F.3d 830 (4th Cir. 2002); *Borneman v. United States*, 213 F.3d 819 (4th Cir. 2000). There, as here, the United States certified under the Westfall Act defendants named in a state

court action, thereby removing the entire action to federal court. To be sure, as plaintiff points out in his reply brief, he did not contest the propriety of certification in this case, whereas certification ultimately failed on the scope of employment issue in *Osborn* and the cases that comprised the now-resolved circuit split. *See supra* notes 4-5. Yet, this factual difference is immaterial, for *Osborn* holds that § 2679(d)(2) provides a conclusive basis for federal subject matter jurisdiction in all cases, regardless of whether certification is ultimately upheld. *See Osborn*, 549 U.S. at 243. It bears emphasis, as noted *supra*, that the certification never fails as to subject matter jurisdiction.

It follows from *Osborn* that this basis for federal subject matter jurisdiction remains despite the fact that (i) the United States has been dismissed as a defendant, (ii) the remaining claims arise solely under state law, and (iii) the remaining defendants are Virginia citizens. *See Jamison*, 14 F.3d at 239 (quoting 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3739, at 582 (1985)). As the Fourth Circuit has held, "the jurisdiction properly acquired by the removal [under the Westfall Act] was effectively mandatory and did not permit a discretionary remand following denial of the federal immunity defense." *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442 (4th Cir. 1996). Thus, because plaintiff cannot demonstrate that subject matter jurisdiction is lacking, a remand of this case is not proper under § 1447(c).

### III.

In sum, the Supreme Court in *Osborn* held that district courts may not remand cases previously removed to federal court under the Westfall Act following the Attorney General's certification that certain defendants were acting within the scope of their federal employment at

the time of the acts alleged in the complaint. In the Supreme Court's view, remand is foreclosed by the fact that § 2679(d)(2), a provision of the Westfall Act, considers the act of certification to establish "conclusively" subject matter jurisdiction in federal courts. As this case falls squarely within *Osborn*'s holding, plaintiff's motion to remand this Westfall Act case must be denied. Although this case presents an undeniably appealing candidate for remand, given that no federal claims or defendants remain, the Supreme Court's decision in *Osborn* nonetheless forecloses remand.

An appropriate Order shall issue.

Alexandria, Virginia
August 4, 2010

/s/
_____
T. S. Ellis, III
United States District Judge